IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMRI BROOKS, | ) | CIVIL ACTION NO. |
| | ) | 2:22-cv-1781 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOUIS DEJOY, | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KAMRI BROOKS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the First Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Kamri Brooks, is an adult individual residing in Allegheny County, Pennsylvania.

6. Defendant, Louis DeJoy, is the Postmaster General of the United States Postal Service, is a federal agency with offices located at 475 Lenfant Plz SW, Washington, DC, 20260 and a local address of 1001 California Ave, Pittsburgh, Pennsylvania, 15290.

7. At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by the Defendant from on or about October 24, 2021 until her constructive discharge on or about June 23, 2022.  At the time of the Plaintiff's constructive discharge, she held the position of PSE Processing Clerk.

9. Plaintiff was an hourly employee of the Defendant with a pay rate of $19.06 per hour.

10. In or about March of 2022, Plaintiff's supervisor, Chelsea LNU, referred to the Plaintiff as a "damn dog."

11. On or about March 8, 2022, Plaintiff filed a grievance through her union for the aforementioned statement by her supervisor.

12. Shortly thereafter, Defendant began to regularly send the Plaintiff home hours before her work shifts were scheduled to end.

13. Prior to the filing of Plaintiff's grievance, Defendant did not send the Plaintiff home before her work shifts were scheduled to end.

14. As a result, Plaintiff's pay was significantly reduced.

15. Plaintiff believes, and therefore avers, that Defendant regularly sent the Plaintiff home before her shifts were over in retaliation for her engagement in a protected activity, to wit, filing a grievance through her union.

16. Furthermore, on or about April 29, 2022, Plaintiff's paycheck was approximately $900.00 less than what the Plaintiff was due to be paid for the hours that she had worked.

17. Plaintiff reported the issue with her paycheck to Defendant's payroll department, Human Resources Department, her supervisors, the union steward and Defendant Louis Dejoy, Postmaster General.

18. Despite the Plaintiff's multiple reports of the above-described issue with her paycheck, Defendant did not pay the Plaintiff the amount that she was due to be paid for the hours that she had worked for that pay period.

19. Plaintiff believes, and therefore avers, that Defendant did not pay the Plaintiff the amount that she was due to be paid for the hours that she had worked in retaliation for her engagement in a protected activity, to wit, filing a grievance through her union.

20. On or about June 10, 2022, Plaintiff did not receive any pay for the hours the she had worked for the pay period between May 22, 2022 through May 28, 2022.

21. Plaintiff reported the issue to Defendant's Human Resources department. Defendant responded that the Plaintiff did not work during the aforementioned pay period. That statement is patently false.

22. At or around that time, Plaintiff was informed that her time card did not function from on or about May 20, 2022 until on or about June 10, 2022. Plaintiff was therefore not paid for that time.

23. Plaintiff worked for the Defendant approximately 168.05 hours from May 20, 2022 to June 10, 2022. Plaintiff worked approximately 120 hours of regular time and 48.05 hours of overtime and is due a total of approximately $3,660.95 of gross pay from the Defendant for that time.

24. Plaintiff repeatedly reported the issue with her paycheck and the hours that the Plaintiff was due to be paid for to Defendant's payroll department, Human Resources Department, her supervisors, the union steward and Defendant Louis Dejoy, Postmaster General.

25. When Plaintiff provided the hours that she had worked to the Defendant, Defendant accused the Plaintiff of falsifying her records.

26. Despite the Plaintiff's multiple reports of the above-described issue with her paycheck, Defendant did not pay the Plaintiff the amount that she was due to be paid for the hours that she had worked.

27. Plaintiff believes, and therefore avers, that Defendant did not pay the Plaintiff the amount that she was due to be paid for the hours that she had worked in retaliation for her engagement in a protected activity, to wit, filing a grievance through her union.

28. On or about June 24, 2022, Plaintiff was constructively discharged from her position with the Defendant due to the Defendant's retaliatory behavior and/or the Defendant's failure to properly pay the Plaintiff.

29. To date, Defendant has not paid the Plaintiff the amount owed to her, as more fully described hereinbefore above at Paragraphs 16 and 23.

30. On or about October 28, 2022, Defendant mailed a check to the Plaintiff in the amount of $427.19 for a "retroactive payment."

31. Defendant did not provide any explanation to the Plaintiff for the aforementioned payment.

32. That amount is not the correct amount due to the Plaintiff, as more fully described hereinbefore above at Paragraphs 16 and 23.

COUNT I:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendant for violations of Plaintiff's constitutional rights under color of law.

35. At all times relevant hereto, Plaintiff had the right to be free from retaliation based on her engagement in a protected activity, to wit, filing a grievance with her union.

36. Plaintiff believes, and therefore avers, that Defendant did not pay the Plaintiff the amount that she was due to be paid for the hours that she had worked in retaliation for her engagement in a protected activity, to wit, filing a grievance through her union.

37. Plaintiff also believes, and therefore avers, that Defendant regularly sent the Plaintiff home before her shifts were over in retaliation for her engagement in a protected activity, to wit, filing a grievance through her union.

38. Defendant's actions deprived the Plaintiff of rights guaranteed to her by the First Amendment.

39. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

   a. violation of Plaintiff's constitutional rights under the First Amendment;

   b. loss of wages;

   c. economic damages related to any and all medical, legal, and/or other consequential costs; and

   d. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT

VIOLATION OF 43 P.S. § 260.1, *et. al.*

PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at length herein.

41. As more fully described hereinbefore above, Defendant failed to pay Plaintiff Defendant failed to pay the Plaintiff the amount that she was due to be paid for the hours that she had worked.

42.     As described hereinbefore above, in or about March of 2022, Plaintiff was not paid approximately $900.00 which was due to her by the Defendant for the hours that she had worked.

43.     As described hereinbefore above, Plaintiff worked approximately 167.05 hours from May 20, 2022 to June 10, 2022.  Plaintiff worked approximately 120.25 hours of regular time and 46.8 hours of overtime and is due a total of approximately $3,629.98 of gross pay for that time.

44.     These earnings, as described hereinbefore above, remain due and payable to the Plaintiff in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et. al.*

WHEREFORE, the Plaintiff demands that the Defendant issue payment to the Plaintiff in the amount owed, as more fully described hereinbefore above; compensatory general damages against the Defendant in the amount proven at trial; compensatory, special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: December 12, 2022